LeBLANC, Judge,
dissenting.
The issue presented in this appeal is whether the temporary roadblock procedure which was implemented satisfies the fourth amendment proscription against unreasonable searches and seizures. After weighing all of the factors presented in this case under the Deskins analysis, I find that the defendant’s state and federal constitutional rights to privacy have been violated. Although some safeguards designed to protect individual privacy rights were observed by the state, important steps that could have been taken to protect individual privacy rights were either not taken or were not established in the record.
Most importantly, the record does not include any evidence to establish that the roadblock was conducted pursuant to written departmental guidelines or specific oral departmental policies, although these may have existed. However, there is also no evidence of advance planning; there is no evidence of either training sessions conducted by the police or sheriff’s department or a meeting of the officers to discuss implementation of the roadblock. In fact, the supervisor of the roadblock testified that the roadblock was organized that evening so that the troopers would have some type of activity to keep them busy. Furthermore, there is no evidence to establish that the detention techniques of the officers were standardized. In short, the *468 record does not establish that the roadblock was executed pursuant to specific neutral criteria designed to limit the conduct of the individual officers. Uniform guidelines for the implementation of this type of roadblock are necessary to insure against abuse and to restrict the potential intrusion into the public’s constitutional liberties.
In State v. Jones, 483 So.2d 433 (Fla. 1986), the court addressed the constitutionality of DUI (Driving Under the influence of Intoxicants) roadblocks and found that the roadblock procedure in that case violated the fourth amendment to the United States Constitution. The court determined that it was essential that a written set of uniform guidelines be issued in order for a roadblock to withstand a challenge based on constitutional grounds. The Jones court explained that “[w]ritten guidelines should cover in detail the procedures which field officers are to follow at the roadblock. Ideally, these guidelines should set out with reasonable specificity procedures regarding the selection of vehicles, detention techniques, duty assignments, and the disposition of vehicles.”
The Jones court also addressed prior notice to the public regarding the use of the roadblocks. The Jones court found that this type of notice is unnecessary where the police position signs and lights at the checkpoint giving approaching drivers notice of the roadblock’s purpose. In the present case, there is no evidence in the record of prior notice to the public regarding the use of roadblocks. Furthermore, the record does not establish that any steps were taken by the police officers to inform motorists regarding the reasons for the stop in advance of the stopping point.
Another factor to be examined is the degree of the effectiveness of the procedure. Although the site of the roadblock has been utilized for roadblocks in the past and may have yielded some deterrent effect, there is no evidence in the record to indicate that the site of the roadblock was chosen based on traffic studies which would indicate that a high volume of DWI arrests occur in this area. The record does not give a ratio of number of stops to number of arrests, so it is difficult to evaluate the effectiveness of the roadblock procedure. Less intrusive means, such as a stop based on reasonable suspicion, may prove to be as effective as some roadblock procedures.
As discussed by the Deskins court, I agree that not all of the factors discussed in Deskins need to be favorable to the state for the roadblock procedure to be upheld. However, in the present case, I find that the great potential for the invasion into privacy interests of the public outweighs the state's interest in protecting the public from drunk drivers. Therefore, the DWI roadblock in this case violated the defendant’s state and federal constitutional rights to privacy.
For the above reasons, I respectfully dissent.